*[267]
 
 SCHWAB, C. J.
 

 Defendant was convicted of rape in the third degree, ORS lGS.SSStl).
 
 [1]
 
 He assigns as error the trial court’s failure to allow him to introduce evidence regarding the prior sexual conduct of the prosecutrix.
 

 Evidence introduced by defendant was received showing the prosecutrix had run away from home several times. This included evidence that the last time she had run away from home, she accused her male companion at that time of burglary and unauthorized use of a motor vehicle. His defense theory was that each time the prosecutrix was picked up by police after running away, she accused her male companion at the time of committing a crime in order to absolve herself of blame for her situation. Defendant claimed, for the same reason, that the prosecutrix’s claim of having engaged in sexual intercourse with him was fabricated. Defendant attempted to question the prosecutrix about whether she had any sexual contact with the male companion she had accused of burglary and unauthorized use of a motor vehicle. The trial court sustained the state’s objection, under ORS 163.475(3),
 
 [2]
 
 to the defendant’s question.
 

 Defendant argues that he should have been permitted to question the prosecutrix as to her prior sexual contact with her first male companion under
 
 State v. Jalo,
 
 27 Or App 845, 557 P2d 1359 (1976), Sup Ct
 
 review denied
 
 (1977), presumably to preserve his constitutional right to confrontation. We can see no connection between the prosecutrix’s prior sexual conduct and the defense raised by the defendant. Thus,
 
 *[268]
 
 the trial court’s refusal to allow questioning about the prosecutrix’s prior sexual conduct did not violate the defendant’s right to confrontation under
 
 Jalo.
 

 Affirmed.
 

 [1]
 

 ORS 163.355(1) provides:
 

 "A male commits the crime of rape in the third degree if he has sexual intercourse with a female under 16 years of age.”
 

 [2]
 

 ORS 163.475(3) provides:
 

 "Except as provided in subsection (4) of this section, in a prosecution under OHS 163.355 to 163.425, evidence of previous sexual conduct of a complainant shall not be admitted and reference to that conduct shall not be made in the presence of the jury.”